1 | MICHAEL ZORKIN (Bar No. CA 313308)
THE ZORKIN FIRM
2 | Email: mz@thezorkinfirm.com
6320 Canoga Ave., 15th Floor
3 | Woodland Hills, California 91367
Telephone:  323.493.8075
4 |
Attorney for Defendant
5 | Blue Cross and Blue Shield of Kansas City

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| O.C. Multispecialty Surgery Center, | No. 2:21-cv-5062 |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** |
| v. | |
| Blue Cross and Blue Shield of Kansas City and DOES 1-10, | Filed concurrently with: <br> 1. Notice to Adverse Parties; <br> 2. Notice of Interested Parties; <br> 3. Civil Case Cover Sheet; <br> 4. Declaration of Daniel C. Frazier; <br> 5. Proof of Service. |
| Defendant. | Removal Filed: June 22, 2021 |

1
NOTICE OF REMOVAL

# NOTICE OF REMOVAL

Defendant Blue Cross and Blue Shield of Kansas City removes this action to the United States District Court for the Central District of California based on federal question and diversity jurisdiction.

## THIS REMOVAL IS TIMELY

1. On April 14, 2021, Plaintiff O.C. Multispecialty Surgery Center sued Blue KC in the California Superior Court for the County of Los Angeles, Case No. 21STCV14160. *See* Complaint.

2. On May 24, 2021, Plaintiff served the Complaint on Blue KC. *Id.*

3. Less than 30 days later, on June 22, 2021, Blue KC filed this notice of removal.

4. This notice of removal is timely since it was "filed within 30 days after receipt by the defendant[s], through service or otherwise, of a . . . paper from which it may first be ascertained that the case is one in which is or has become removable[.]" 28 U.S.C. § 1446.

## NATURE OF THE ACTION

5. Plaintiff alleges that it is a medical provider that performed a surgery on a member of Blue KC's health plan. Plaintiff is an out-of-network provider that has no contractual relationship with Blue KC. Yet, Plaintiff seeks higher payment for the surgery than what Blue KC already paid under the terms of the member's health plan. *See generally,* Compl.

6. Plaintiff specifically alleges that Blue KC must pay Plaintiff its full billed charges. *Id.*

## FEDERAL QUESTION JURISDICTION

**A. ERISA Governs Health Plan at Issue in the Complaint**

7. Removal is proper under 28 U.S.C. § 1441 because federal question jurisdiction exists under 28 U.S.C. § 1331.

8. The Blue KC member at issue was enrolled in an "employee benefit plan" established by the employer to provide health benefits to its employees. *See* Declaration of Daniel C. Frazier ¶ 3.

9. ERISA governs "any employee benefit plan . . . established or maintained . . . by any employer engaged in commerce or in any industry or activity affecting commerce[.]" 29 U.S.C. § 1003(a)(1). An "employee benefit plan" is any "plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness[.]" *Id.* § 1002(1).

**B.   ERISA Completely Preempts Plaintiffs' Causes of Action**

10. ERISA preempts all of Plaintiffs' state-law causes of action related to the ERISA-governed health plans. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207- 08 (2004) ("[W]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law . . . ERISA is one of these statutes.") (citations).

11. "Under *Davila*, a state-law cause of action is completely preempted and thus removable if:

 a) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)', and

 b) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009) (quoting *Davila*, 542 U.S. at 210).

12. The first element of the *Davila* test is met because Plaintiff seeks to recover benefits under an ERISA-governed health plan, which an individual, at

some point in time, could have brought under ERISA Section 502(a)(1)(B). Plaintiff alleges that the member assigned to it the benefits under the plan thus enabling Plaintiff to sue under ERISA to obtain the benefits Plaintiff asserts are due it in this case. Complaint ¶ 53. *See Misic v. Bldg. Serv. Employees Health & Welfare Trust*, 789 F.2d 1374, 1379 (9th Cir. 1986).

13. Plaintiff alleges to have done just that. *See* Compl., ¶¶ 7 ("Patient entered into a valid insurance agreement with DEFENDANT for the specific purpose of ensuring that the Patient would have access to medically necessary treatments, care, procedures and surgeries by medical practitioners like Medical Provider and ensuring that DEFENDANT would pay for the health care expenses incurred by the Patient."), 21 ("all medical providers have their own individual right to payment from insurers for medical services provided to one of their insureds in accordance with a patient's evidence of coverage."), 22 ("a failure to pay a medical provider in accordance with a patient's evidence of coverage, vests a medical provider with its own separate individual right to recovery in accordance with a patient's evidence of coverage").

14. The second element of the *Davila* test is also met because the alleged wrongs arise out of Blue KC's alleged failure to properly pay benefits under its ERISA-governed health plan. *See* Compl. ¶¶ 36 ("DEFENDANT had a contractual obligation to pay Medical Provider in accordance with Patient's plan document and agreement"), 37 ("According to the Patient's plan agreement, DEFENDANT was obligated to pay Medical Provider, Medical Provider's full billed amount"), 50 ("once Medical Provider provided medical services to Patient, DEFENDANT was obligated to pay Medical Provider in accordance with Patient's health plan documents."), 51 ("Medical Provider provided the services, but DEFENDANT failed to pay according to the terms of the patient's health plan documents."), 56 ("DEFENDANT failed to make payment in

accordance with the terms of the written agreement and instead made a payment that was far less than Medical Provider's billed amount")

15. And although Plaintiff tries to disguise its ERISA claims as state-law causes of action, Plaintiff's "artful pleading" does not alter ERISA's preemptive force. *See Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1226 (9th Cir. 2005) ("[a]rtful pleading does not alter the potential for this suit to frustrate the objectives of ERISA"); *Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1110-11 (9th Cir. 2011) ("[c]laimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort."); *Dishman v. UNUM Life Ins. Co. v. Am.*, 269 F.3d 974, 983 (9th Cir. 2001) (similar).

16. Indeed, Courts consistently hold ERISA preempts all of Plaintiff's causes of action. *See, e.g.*, *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007-08 (9th Cir. 1998) (ERISA "preempts *state common law tort and contract causes of action.*") (emphasis added); *David M. Lewis, D.M.D. v. William Michael Stemler, Inc.*, 2013 WL 5373527, at *4 (E.D. Cal. Sept. 25, 2013) (ERISA preempted *breach of oral contract claim*); *Moeller v. Qualex, Inc.*, 458 F. Supp. 2d 1069, 1075 (C.D. Cal. 2006) ("the Ninth Circuit has held that state law claims for *breach of contract*, estoppel, *misrepresentation*, and interference with contractual relations 'relate to' the administration of employee benefit plans.") (emphasis added); *Lyms, Inc. v. Millimaki*, No. 08CV1210-MMA(NLS), 2009 WL 10672067, at *3 (S.D. Cal. Aug. 25, 2009) (ERISA preempted *fraud claim*).

17. At bottom, Plaintiff seeks to recover benefits under ERISA-governed health plan. Because ERISA completely preempts Plaintiffs' causes of action, federal question jurisdiction exists under 28 U.S.C. § 1331 and removal is proper under 28 U.S.C. § 1441.

# DIVERSITY JURISDICTION

18. Diversity jurisdiction exists under 28 U.S.C §§ 1332(a)(1), 1332(c)(1), 1441 and 1446 because this suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

**A. Citizenship of Blue KC**

19. At the time of filing and now, Blue KC is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Kansas City, Missouri. (Frazier Declaration, ¶ 4.)

**B. Citizenship of Plaintiff**

20. At the time of filing and now, Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business in California. Compl., ¶ 1.

**C. Amount in Controversy**

21. Plaintiff asks Blue KC to pay Plaintiff's full billed charges for medical services. Plaintiff alleges that it billed Blue KC $344,282 for a single surgery and was paid $2,696.50. Plaintiff seeks to recover damages of $341,585.50, exclusive of costs and interest. Compl. ¶¶ 38, 40.

# REMOVAL TO THIS COURT IS PROPER

22. Under 28 U.S.C. Sections 84(c)(2) and 1446(a), this action can be removed to this Court because it embraces Los Angeles County—the county in which Plaintiff originally sued. Compl. at Caption Page.

23. Attached as **Exhibit 1** is a copy of all process, pleadings, or orders that have been served on Blue KC. 28 U.S.C. § 1446(a).

24. Blue KC will promptly give written notice of this removal to Plaintiff and will file a copy of the notice with the Superior Court for the County of Los Angeles, California. 28 U.S.C. § 1446(d).

Dated: June 22, 2021

THE ZORKIN FIRM

By: /s/ Michael Zorkin
Michael Zorkin
Attorneys for Defendant
Blue Cross and Blue Shield of
Kansas City

NOTICE OF REMOVAL